# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY JAIL,<br><br>Defendants. | Civil Action No. 18-8835 (MCA)<br><br><br>MEMORANDUM OPINION |

Plaintiff is a pretrial detainee incarcerated at Passaic County Jail. He has sued the Passaic County Jail, Gourmet Dining, LLC, Lieutenant J. Aturl, Officer M. Biokua, and Officer G. Francis for violations of his civil rights arising from alleged inadequate nutrition and the repetitive nature of his meal options at the jail. At this time, the Court will grant Plaintiff's IFP application and screen the Complaint for dismissal. For the reasons explained below, the Court will dismiss Plaintiff's claims for relief, as described in this Memorandum Opinion, as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). Unless otherwise stated, the dismissal is <u>without prejudice</u>, and Plaintiff may file an amended complaint within 30 days to the extent he can cure the deficiencies in his claims.

The Complaint contains few facts. Plaintiff has been incarcerated at Passaic County Jail since August 2017, and alleges that he is "consistently receiving non-nutritious meal options that are repetitive and not heat to its [sic] proper temperature." (ECF No. 1, Complaint at 5.) Plaintiff further alleges that Gourmet Dining, LLC claims a dietician approves of the meals and that the officers constantly lie about [Plaintiff's] complaints. (*Id.*) Plaintiff contends that he arrived in prison "100% healthy and ha[s] been a vegan for 10 years." (*Id.*) For the past 6-7 months, he has had low blood pressure. (*Id.*) Elsewhere in the Complaint, Plaintiff also states

1

that he has filed grievances regarding a lack of nourishment and drinking water, but provides no additional facts about the lack of drinking water. (*Id.* at 6.) Plaintiff also states that he has filed grievances regarding defamatory comments, but has not provided additional facts about the nature of the defamatory comments.[1]

Plaintiff has attached inmate grievances submitted in connection with his dissatisfaction with the meals at Passaic County Jail; the photocopies are of poor quality, and the majority the grievances are illegible. (*See* ECF No. 1-1, at 2-22.) The grievances that are legible complain that Plaintiff has received repetitive meals, such as a three-bean salad. (*See e.g.*, ECF No. 1-1, at 8.) Plaintiff has also attached what appears to be a copy of the Vegan/No Soy diet menu for the period from September 23, 2017 – September 2017. The menu lists options such as spinach

---

[1] The Court does not construe Plaintiff to allege a state law claim for relief for defamation, known as libel or slander under state law. The Supreme Court of New Jersey has described the distinction between libel and slander as follows:

> "[A] statement is defamatory if it is false, communicated to a third person, and tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." *Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 164–65, 735 A.2d 1129 (1999) (citing Restatement (Second) of Torts §§ 558, 559 (4th ed. 1977)). A defamatory statement may consist of libel or slander. *Dairy Stores, Inc. v. Sentinel Publ'g Co.*, 104 N.J. 125, 133, 516 A.2d 220 (1986) (citing Prosser and Keeton on Torts § 111 at 771 (5th ed. 1984)); Rodney A. Smolla, Law of Defamation § 1:10 (2d ed. 2008). As a general proposition, "[t]he short and simple distinction between the terms is that libel is defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form, while slander consists of the communication of a defamatory statement by spoken words, or by transitory gestures." Smolla, supra, § 1:11 (footnotes omitted).

*W.J.A. v. D.A.*, 210 N.J. 229, 238, 43 A.3d 1148, 1153 (2012). Although Plaintiff alleges that Defendants have lied about his grievances, he has not provided any facts to suggest that any of the Defendants made false statements about Plaintiff that lowered his reputation or deterred third persons from associating with him; thus, even if the Court were to construe such a claim, it would be subject to dismissal without prejudice for failure to state a claim.

with carrots, beans, noodles, applesauce, and bread. (*Id.* at 23.)

With respect to his grievances, Plaintiff alleges that the kitchen staff and the "Lt." often deem his complaints "false" and make no changes to the menu. Plaintiff also states that he appeals his grievances, and has asked to speak to the Warden about this issue.[2] (*Id.* at 7.) Finally, Plaintiff alleges that Officers M. Biokua, and Officer G. Francis produced a "false menu that was never followed." (ECF No. 1-1, at 1.)

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the

---

[2] The Court does not construe Plaintiff to allege that the failure to address his grievances violated his constitutional rights. Such a claim would be subject to dismissal because it is well-established that prisoners do not have a constitutional right to an effective grievance process. "[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process [citation omitted], a prisoner cannot maintain a constitutional claim . . . based upon [the prisoner's] perception that [the recipient of the grievances] ignored and/or failed to properly investigate his grievances." *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011).

3

factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

The Court construes Plaintiff to allege claims for relief under Section 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

From the outset, the Court will dismiss the claims against the Passaic County Jail. Although a county may be liable under § 1983 for creating policies or customs that violate the Constitution, *see Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978), a county jail is not a proper defendant under § 1983. *See Barrett v. Essex Cty. Corr. Facility*, No. CIV.A. 15-595 SDW, 2015 WL 1808523, at *3 (D.N.J. Apr. 16, 2015)("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *Ingram v. Atl. Cnty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (county jail is not a person under section 1983). As such, the Court will dismiss the claims against the Passaic County Jail <u>with prejudice</u>.[3]

---

[3] If Plaintiff can provide facts showing that County of Passaic promulgated a policy or custom of serving such inadequate or insufficient food that it amounted to "punishment" in violation of the Fourteenth Amendment's Due Process Clause, *see Bell*, 441 U.S. at 535, he may submit an amended complaint naming the County of Passaic as a defendant.

5

Plaintiff's conditions of confinement claims against the remaining defendants regarding the inadequacy of the food at Passaic County Jail also fail to state a claim for relief. As a pretrial detainee, the Fourteenth Amendment's Due Process Clause applies with respect to Plaintiff's conditions of confinement claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). [U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* at 535. The Constitution requires that inmates be provided with basic human needs, including food, and that an inmate's diet must provide them with "adequate nutrition." *Duran v. Merline*, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013). A prison diet violates the Constitution where it "immediate danger to the health and wellbeing of the inmates who consume it," or there is a "substantial deprivation of food" to the inmate. *Alpheaus v. Camden Cty. Corr. Facility*, No. 17-0180, 2017 WL 2363001 (D.N.J. May 31, 2017) (quoting *Duran*, 923 F. Supp. 2d at 720). "Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" *Duran*, 932 F. Supp. 2d at 720 (quoting *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp. 2d at 720. Cold meals and meals lacking in variety are similarly not considered a constitutional violation. *See Nickles v. Taylor*, No. 09-557, 2010 WL 1949447, at *5 (D.N.J. May 14, 2010).

Here, Plaintiff has not provided facts showing that prison officials at the Passaic County Jail provided him with food that was so inadequate or insufficient that it amounted to "punishment" in violation of the Fourteenth Amendment's Due Process Clause. *See Bell*, 441 U.S. at 535. Plaintiff asserts in a conclusory manner that his diet is non-nutritious, repetitive, and not heated to temperature. But food that is cold and/or lacking in variety does not violate the

6

Constitution. Plaintiff's bald assertions alone regarding non-nutritious food and a lack of nourishment and are also insufficient to state a claim for relief. Federal Rule of Civil Procedure 8(a)(2) requires that plaintiffs set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." While this standard does not require detailed factual allegations, it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the very least, the complaint must "give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted). Plaintiff also vaguely asserts a lack of drinking water, which, depending on the length of deprivation, may violate the Constitution. Here, Plaintiff has not provided sufficient facts about the deprivation of drinking water for the Court to assess whether he states a claim for relief.

Furthermore, although inmates must receive adequate nutrition, prison officials may not be held liable for violating an inmate's right to adequate nutrition unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective component (that the officials acted with a sufficiently culpable state of mind). *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir.2007), *cert. den'd*, 552 U.S. 1180 (2008) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) ("Unconstitutional punishment typically includes both objective and subjective components."). Here, Plaintiff has not provided facts showing that the officers deprived him of nutrition and that the deprivation was serious, or that any of the officers had a culpable state of mind. With respect to the individual Defendants, Plaintiff asserts that "the officers constantly lie about his complaints", and that Officers M. Biokua, and Officer G. Francis have produced a "false menu that was never followed." Plaintiff has not provided facts showing how the alleged lies about his complaints/grievances violated his constitutional rights. Plaintiff

7

has attached what may be the "false menu" created by Officers M. Biokua and Officer G. Francis, but he has not provided facts showing that the failure to follow the menu violated his constitutional right to adequate nutrition. For these reasons, the Court will dismiss the Complaint without prejudice as to the individual Defendants.

Finally, Plaintiff fails to state a claim for relief against Gourmet Dining, LLC.[4] Like the County of Passaic, a private entity like Gourmet Dining, LLC, which allegedly has a contract with the county to provide services to a county prison, cannot be found liable under § 1983 simply because it employs wrongdoers. *See Monell*, 436 U.S. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Since this is a conditions-of-confinement claim, the *Bell* standard described above applies, and Plaintiff must allege facts showing that Gourmet Dining LLC had a custom or policy of serving such inadequate or insufficient food that it amounted to "punishment" in violation of the Fourteenth Amendment's Due Process Clause. *Bell*, 441 U.S. at 535; *Natale*, 318 F.3d at 583 (for government contractor to be liable, it must have had a custom or policy that caused the constitutional violation); *Mora v. Camden Cnty.*, Civ. No. 09–4183, 2010 WL 2560680, *8 (D.N.J. June 21, 2010) (applying *Bell* to claim of inadequate nutrition); *Duran v. Merline*, 923 F. Supp. 2d at 719 (same). Here, Plaintiff has not provided facts explaining a relevant policy or custom and has not explained how any relevant policy or custom violated his constitutional rights. As such, the Court will dismiss without prejudice the Fourteenth Amendment claim against Gourmet Dining, LLC.

For the reasons expressed in this Memorandum Opinion, the Court will grant Plaintiff's IFP application and will dismiss the Complaint in its entirety pursuant to § 1915(e)(2)(B). The claim against Passaic County Jail is dismissed with prejudice. The remaining claims as

---

[4] The Court assumes for purposes of this screening that Gourmet Dining, LLC is a state actor.

8

construed herein are dismissed without prejudice as to all remaining Defendants. An appropriate Order follows. Plaintiff may file an Amended Complaint as to those claims dismissed without prejudice within 30 days of his receipt of this Memorandum Opinion and Order.

Aug 16

Madeline Cox Arleo, District Judge
United States District Court